UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| B&T RENTALS, INC. | CIVIL ACTION |
| VERSUS | NO. 17-305 |
| CHILDRESS DIRECTIONAL DRILLING LLC ET AL. | JUDGE FALLON<br>MAG. JUDGE NORTH |

## ORDER & REASONS

Before the Court is Defendant XTO Energy Inc.'s Motion for Summary Judgment. R. Doc. 24. Plaintiff responds in opposition. R. Doc. 28. Having considered the parties' briefs and the applicable law, the Court now issues this Order & Reasons.

I. **BACKGROUND**

This action for damages arises out of the alleged breach of a lease agreement for drilling equipment and tools. R. Doc. 1-1 at 1. Plaintiff B&T Rentals, Inc. ("B&T Rentals") is a Louisiana business that rents drilling equipment and tools. R. Doc. 1-1 at 1. Defendant Childress Directional Drilling, LLC ("Childress") is a Texas drilling contractor. R. Doc. 1-1 at 1. Defendant XTO Energy, Inc ("XTO Energy") is a Delaware corporation and is a drilling operator. R. Doc. 1-1 at 1. Childress and XTO Energy entered into a drilling contract to explore for oil in Texas. R. Doc. 1-1 at 2. For this project, Childress rented drilling equipment and tools from Plaintiff B&T Rentals. R. Doc. 1-1 at 2. Plaintiff alleges that these tools were lost in the hole while Childress and XTO Energy were conducting the drilling project. R. Doc. 1-1 at 3. Plaintiff further alleges that the lease agreement for the tools provides that the lessee must return the tools or pay to purchase new tools. R. Doc. 1-1 at 3.

1

Plaintiff alleges that neither Childress nor XTO Energy has returned the lost tools or paid to replace them. R. Doc. 1-1 at 3. Plaintiff further alleges that XTO Energy is vicariously liable for the lost tools based on the drilling contract between Childress and XTO Energy. R. Doc. 1-1 at 2, 6. Accordingly, Plaintiff brings claims against Defendants for breach of the lease agreement. R. Doc. 1-1 at 3. Plaintiff also brings a claim for misappropriation alleging that Childress has been indemnified for loss of the tools but has not passed on that money to Plaintiff. R. Doc. 1-1 at 7. Plaintiff seeks damages for the cost of renting the tools during the time they were not returned, replacement of the tools, and attorney's fees. R. Doc. 1-1 at 11.

Defendant Childress answers the complaint generally denying Plaintiff's claims. R. Doc. 9. Childress also asserts the defense that Plaintiff has failed to state a claim upon which relief can be granted. R. Doc. 9. Defendant XTO Energy answers the complaint alleging that it is not vicariously liable for the actions of Childress and that it has already paid Childress for the lost tools. R. Doc. 5 at 2. XTO Energy denies any negligence and claims that the loss of tools was the fault of Childress. R. Doc. 5 at 3. Both Defendants demand jury trial. R. Docs. 5, 9.

## II. PENDING MOTION

Defendant XTO Energy moves for summary judgment. R. Doc. 24. Defendant XTO Energy asserts that invoices for the lost tools were forwarded by Childress to XTO Energy and that XTO Energy paid Childress for the lost tools. R. Doc. 24-3 at 3. First, XTO Energy argues that it cannot be vicariously liable to Plaintiff B&T Rentals for Childress' breach of contract because such a cause of action does not exist. R. Doc. 24-3 at 4. XTO Energy asserts that it is not a party to the contract between B&T Rentals and Childress. R. Doc. 24-3 at 5. Second, XTO Energy asserts that it cannot be vicariously liable for any negligence of Childress because Childress was an independent contractor. R. Doc. 24-3 at 5. Additionally, XTO Energy points out

2

that Plaintiff has not brought any negligence claims against the Defendants. R. Doc. 24-3 at 5.

Plaintiff responds in opposition and argues that because XTO Energy knew that the tools were owned by B&T Rentals, it should have paid B&T Rentals for the lost tools rather than paying Childress. R. Doc. 28 at 5-6.

## III. LAW & ANALYSIS

### a. Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Id.* A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact. *Id.* at 323. If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id.* at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1996). "[U]nsubstantiated assertions," "conclusory allegations," and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994); *Anderson*, 477 U.S. at 249-50. In ruling on a summary judgment motion, a court may

3

not resolve credibility issues or weigh evidence. *See Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). Furthermore, a court must assess the evidence, review the facts and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment. *See Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001); *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

### b. Analysis

A contract is a legally binding agreement that creates enforceable obligations. Breach of contract occurs when one party to the contract fails to perform any of their obligations under the contract and does not have a valid legal excuse. 23 Williston on Contracts § 63:1 (4th ed.). It is well established law that in order to sue a party for breach of contract the party to be sued must be a party to the contract. *See e.g.*, *Burleigh v. Lee*, 2018 WL 1279830, at *6 (La. App. 1 Cir. 3/12/2018); 23 Williston on Contracts § 63:1 (4th ed.).

Here, Plaintiff has brought a breach of contract claim against Defendant XTO Energy claiming that XTO Energy is vicariously liable for another defendant's breach of contract. However, it is clear that Defendant XTO Energy was not a party to a contract with Plaintiff. Defendant XTO Energy cannot be liable for breach of a contract to which it was not a party. Here, XTO Energy was only a party to a contract with the other defendant, Childress, and there have been no claims that this contract created any third-party rights. Accordingly, Defendant has no contractual obligation to Plaintiff and cannot be liable to Plaintiff for breach of contract. Plaintiff argues that Defendant XTO Energy knew that Plaintiff owned the lost tools. However, awareness of ownership does not create a contractual obligation or liability to Plaintiff.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant XTO Energy Inc.'s Motion for Summary Judgment, R. Doc. 24, is hereby **GRANTED**.

New Orleans, Louisiana, this 21st day of August, 2018.

_____
UNITED STATES DISTRICT JUDGE